UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RUSSELL HERLING,

                              Plaintiff,

– against –

NEW YORK CITY DEPARTMENT OF EDUCATION and CARLSTON GRAY, as aider and abettor,

                              Defendants.

Case No.: 13-Civ-5287 (JG) (VVP)

**DECLARATION IN OPPOSITION OF DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT**

SAUL D. ZABELL, ESQ., attorney duly admitted to practice before this Court, hereby affirms the following under the penalty of perjury:

1. I am the managing principal of Zabell & Associates, P.C., and counsel for Plaintiff, Russell Herling, in the above-captioned action. I submit this Declaration in opposition of Defendant's pending Motion for Summary Judgment.

## EXHIBITS

2. Attached hereto as "Exhibit 1" is a true and correct copy of the Amended Complaint in this above-captioned action.

3. Attached hereto as "Exhibit 2" is a true and correct copy of Defendant's Federal Rule of Civil Procedure 26(a)(1)(A) Initial Disclosures and documents concerning and relating to Plaintiff's 2006-2007 Performance Evaluation Rating Reversal (Bates stamped BOE 0122 – 0126).

4. Attached hereto as "Exhibit 3" is a true and correct copy of Defendant's Response to Plaintiff's Request for Admission in the above-captioned action.

5. Attached hereto as "Exhibit 4" is a true and correct copy of Defendants' Individual Employee Overall Performance Evaluation Ratings for the years 2006-2010.

1

6. Attached hereto as "Exhibit 5" is a true and correct copy Plaintiff's Equal Employment Opportunity Commission Complaint and corresponding Affidavit.

7. Attached hereto as "Exhibit 6" is a true and correct copy of the personnel file of Melvin Manning, which includes: 1) his 2009-2010 Performance Evaluation; 2) a Counseling Memorandum dated March 5, 2009; 3) a letter dated December 16, 2009; and 4) a Summons to Disciplinary Conference dated March 10, 2010.

8. Attached hereto as "Exhibit 7" is a true and correct copy of the personnel file of Dawn Watson, which includes: 1) her 2009-2010 Performance Evaluation; 2) her time sheets for 2009-2010; 3) a letter dated June 16, 2009; 4) a letter dated December 9, 2009; and 5) a letter dated December 16, 2009.

9. Attached hereto as "Exhibit 8" is a true and correct copy of the personnel file of Halima Pierce, which includes: 1) her 2009-2010 Performance Evaluation; 2) a Perfect Attendance Certificate for the Fall 2009 Term; and 3) a Counseling Memorandum dated September 30, 2009.

10. Attached hereto as "Exhibit 9" is a true and correct copy of the personnel file of Hugh Bryant, which includes: 1) his 2009-2010 Performance Evaluation; 2) a letter dated June 10, 2009; 3) a Counseling Memorandum dated June 22, 2009; 4) a Counseling Memorandum dated October 6, 2009; 5) a Time and Attendance Referral form dated February 22, 2010; and 6) a letter dated February 25, 2010.

11. Attached hereto as "Exhibit 10" is a true and correct copy of the personnel file of Stenrick Adams, which includes: 1) his 2009-2010 Performance Evaluation; and 2) a letter dated January 15, 2010.

12. Attached hereto as "Exhibit 11" is a true and correct copy of the personnel file of Emery

Jones, which includes: 1) a Complaint Form filed with the Special Commissioner of Investigation dated November 19, 2009; 2) a letter dated November 20, 2009; 3) a letter dated May 14, 2010; and 4) a letter dated May 24, 2010.

13. Attached hereto as "Exhibit 12" is a true and correct copy of the 2009-2010 Performance Evaluation of Russell Herling.

14. Attached hereto as "Exhibit 13" is a true and correct copy of the personnel file of Russell Herling, which includes: 1) a letter dated September 30, 2009; 2) a Counseling Memorandum dated September 30, 2009; 3) a Counseling Memorandum dated October 14, 2009; 4) a letter dated December 16, 2009; 5) a letter dated January 6, 2010; 6) a letter dated January 21, 2010; 7) a letter dated February 8, 2010; 8) a letter dated March 23, 2010; 9) a letter dated April 12, 2010; 10) a letter dated May 5, 2010; 11) a letter dated June 14, 2010 with attached emails.

15. Attached hereto as "Exhibit 14" is a true and correct copy of Plaintiff's time sheets for the 2009-2010 school year.

16. Attached hereto as "Exhibit 15" is a true and correct copy of Plaintiff's time cards for the 2009-2010 school year.

17. Attached hereto as "Exhibit 16" is a true and correct copy of the Daily News Article dated May 6, 2008 regarding Defendant Gray's actions towards the William E. Grady Career and Technical High School ("Grady High") boys' volleyball team.

18. Attached hereto as "Exhibit 17" is a true and correct copy of the 2008-2009 "Term 2" student absences record for a former student of Russell Herling.

19. Attached hereto as "Exhibit 18(A)" is a true and correct copy of an excerpt of Article 12 of the Agreement between the Board of Education of the City School District of the City

3

of New York and United Federation of Teachers.

20. Attached hereto as "Exhibit 18(B)" is a true and correct copy of an excerpt of Article 15 of the Agreement between the Board of Education of the City School District of the City of New York and United Federation of Teachers.

21. Attached hereto as "Exhibit 18(C)" is a true and correct copy of an excerpt of Article 19 of the Agreement between the Board of Education of the City School District of the City of New York and United Federation of Teachers.

22. Attached hereto as "Exhibit 18(D)" is a true and correct copy of an excerpt of Article 21 of the Agreement between the Board of Education of the City School District of the City of New York and United Federation of Teachers.

23. Attached hereto as "Exhibit 19" is a true and correct copy of two (2) statements by Stephen LaMendola, dated February 14, 2012 and April 2, 2012.

24. Attached hereto as "Exhibit 20" is a true and correct copy of a statement by Taj Graham dated March 24, 2012.

25. Attached hereto as "Exhibit 21" is a true and correct copy of three (3) statements by Chris Manos, one statement dated September 19, 2011, and the two other statements dated September 27, 2011.

26. Attached hereto as "Exhibit 22" is a true and correct copy of two (2) statements Guido Caligara, both dated September 15, 2011.

27. Attached hereto as "Exhibit 23" is a true and correct copy of a statement by Melvin Manning dated May 8, 2012.

28. Attached hereto as "Exhibit 24" is a true and correct copy of two (2) statements by Michael Guida, both dated May 1, 2012.

29. Attached hereto as "Exhibit 25" is a true and correct copy of a letter of recommendation by Barbara Esmilla dated June 17, 2013.

30. Attached hereto as "Exhibit 26" is a true and correct copy of a letter of recommendation by Todd Gerber dated October 23, 2013.

31. Attached hereto as "Exhibit 27" is a true and correct copy of a letter of recommendation by Geraldine Maione dated May 7, 2013.

32. Attached hereto as "Exhibit 28" is a true and correct copy of a letter of recommendation by Tara Montalbano dated June 26, 2014.

33. Attached hereto as "Exhibit 29" is a true and correct copy of the deposition transcript of the deposition of Russell Herling.

34. Attached hereto as "Exhibit 30" is a true and correct copy of the deposition transcript of Carlston Gray.

35. Attached hereto as "Exhibit 31" is a true and correct copy of the deposition transcript of Chris Manos.

36. Attached hereto as "Exhibit 32" is a true and correct copy of the deposition transcript of Guido Caligara.

37. Attached hereto as "Exhibit 33" is a true and correct copy of the deposition transcript of Martin Rosenthal.

38. Attached hereto as "Exhibit 34" is a true and correct copy of the deposition transcript of Linda Waite.

## ADDITIONAL FACTS

39. The mathematical computation contained with Defendants' Exhibit "T" is inaccurate.

40. Defendants' Exhibit "T" is a report showing the percentage of completed student data entry for the NYC Fitnessgram for the 2009-2010 school year. Chart "A" below represents each section Plaintiff was required to submit data.[1] The total number of eligible students for Plaintiff's five (5) classes combined is 208 students. Plaintiff completed submissions for 61 of the 208 eligible students. Therefore, the correct percentage of completed entries is 29.32%, not the calculation of 14.12% listed at the end of Exhibit "T".

**Chart A:**

| Class Section | Total Students in Each Class | Eligible Students in Each Class | Completed Students | Percentage Complete |
|---|---|---|---|---|
| PPO Section 1 | 50 | 50 | 7 | 14% |
| PPO Section 14 | 48 | 45 | 4 | 8.89% |
| PPO Section 2 | 46 | 47 | 5 | 10.87% |
| PPO Section 6 | 39 | 38 | 37 | 97.37% |
| PFFL Section 2 | 31 | 29 | 8 | 27.59% |
| Total | 214 | 208 | 61 | 29.32% |
| Exhibit "T" Totals | 175 | 170 | 24 | 14.12% |

41. Despite the existence of written requests for production, Defendants did not produce in discovery any Equal Employment Opportunity Commission Charges of Discrimination which had been filed against Defendant Gray, or that were based upon Defendant Gray's actions.

---

[1] Note: All data contained within Chart "A" was derived from Defendants' Exhibit "T".

6

42. Defendants did not produce in discovery any letter(s) evidencing Defendant Gray had apologized to Plaintiff for any actions Defendant took in relation to Plaintiff wearing a yarmulke to work.

Dated: Bohemia, New York
July 30, 2015

**ZABELL & ASSOCIATES, P.C.**

By: _____
Saul D. Zabell, Esq.
Zabell & Associates, P.C.
*Attorneys for Plaintiff*
1 Corporate Drive, Suite 103
Bohemia, New York 11716
Tel: (631) 589-7242
Fax: (631) 563-7475
szabell@laborlawsny.com